PATRICK O'DOCHERTY AND ANOTHER V. MARY MCGLOIN.

Where a decree of the county court, on an application for the probate of a
will, admitted it to record, without annulling any provision thereof, the
declaration contained in the decree that the will was void in so far as it
conflicted with the " legal and equitable rights" of the widow of the
testator, is but the expression of the court of an opinion upon an ab-
stract question, and does not adjudge to the widow any thing in par-
ticular, and has no legal effect.           ᶜ

The apprehension that the court would decide erroneously in a suit there-
after to be instituted, and the fact the widow *sets up a claim* to the
homestead, do not constitute a ground of action or appeal in favor of
the devisee of the homestead, claiming that such declaration of opinion
by the court and pretension by the widow, are a cloud upon his title.

It is proper to set apart the homestead to the widow and children, irrespec-
tive of the disposition of the fee by the will.

Though the homestead may be subject to a final partition and distribution,
it is not assets in the hands of the administrator ; but the use of it as a
homestead is reserved to the family during the period of adminis-
tration.

A motion to dismiss is to be determined by the record, and it is an irregu-
larity in practice to receive evidence *dehors*.

APPEAL from San Patricio.   Tried below before the Hon. M.
P. Norton.

James McGloin died in the year 1856, possessed of a home-
stead and other lands and personal property, leaving a will, by
which he devised to his widow " the use and right to occupy the
room" in the dwelling house which he then occupied, until a house
should be built for her on a tract of land designated in the will,
containing one hundred acres. The testator devised the dwelling
or homestead, with the tract on which it was situated, to his son
Edward McGloin, and estimated it as being of the value of one-
fourth of his estate.   The balance of his estate he devised to his
five children.   The property inventoried was appraised at about
forty thousand dollars.

Patrick O'Docherty was appointed by the will guardian of the
person and estate of Edward McGloin, the minor son of the tes-

tator. On the application made in the county court for the probate of the will, Mary McGloin, the widow of the testator, filed her opposition to the probate thereof, in which she renounced the provisions therein made for her benefit, and claimed that they were in disregard of her legal and constitutional rights, null and void, because it pretended to convey away from her as the widow, the homestead, to which she was entitled as such, and prayed that the will be declared null and void so far as the same may be in violation of her said rights.

The county court admitted the will to probate, and rendered the following decree:

" In this case, after hearing the evidence and the argument of counsel, it is ordered, adjudged and decreed by the court, that the will of James McGloin, deceased, so far as it conflicts with the legal and equitable rights of Mary McGloin, the widow of the deceased, be annulled and of no further standing or effect, so far as it in any manner conflicts with the rights of the widow aforesaid in his estate. And further, it is the judgment of this court, the premises considered, that the last will and testament is in violation of the legal and constitutional rights of said widow, and it is therefore ordered and decreed that the said will is declared null and void so far as her just, legal and equitable rights in the estate, both real and personal, are concerned, and that the said Mary McGloin do have and recover out of the estate that the said James McGloin had or owned at the time of his death, all her just and equitable rights; and that the said will be admitted to probate, subject, however, to the above orders, judgments and decrees; and that her rights and interest in the said estate be settled under the direction of this court, any thing in the said will to the contrary notwithstanding, and that letters testamentary issue to Gilbert McGloin and Patrick O'Docherty, executors of said will."

At a subsequent term of the County Court, in December, 1856, the homestead was set apart, together with other property exempt from forced sale, to the use of the widow and the children of the deceased. From this decree both the executors and the widow appealed; and at the fall Term of the District Court, 1857, the decree of the County Court was so far reformed as to give to the

widow and such children of the deceased as might constitute her family, the homestead and the property exempt as aforesaid, excluding from such benefit the children having independent homes or families.

On the 1st day of May, 1858, Edward McGloin and Patrick O'Docherty, as his testamentary guardian, commenced this suit by their petition for *certiorari* to revise the aforesaid decree of the County Court in relation to the probate of said will, and prayed that so much thereof as pretends to declare void any part of the will, be reversed, and that the District Court proceed to render such decree as should have been rendered in the County Court.

The petition of the appellants alleged the facts already stated in relation to the opposition made by the appellee to the probate of the will, and set forth the decree made thereupon by the County Court; that the testator devised the homestead and a tract of land including it to said Edward McGloin; that the same was owned by the deceased long anterior to his marriage with the appellee, and was by him acquired by his separate means. The plaintiffs also charged that the county court had no jurisdiction to hear and determine respecting the validity of, nor to declare the will of the testator void in any respect. They alleged that the estate was and is solvent, and that after payment of debts there will be a large amount of property subject to distribution. That the laws giving the homestead to the " wife and children of the deceased," has relation only to insolvent estates. That the claim of the defendant clouds and embarrasses the title of the said Edward McGloin in obtaining a partition and distribution of the said estate, in accordance with the will of the testator; and that the petitioners will probably be harrassed in bringing and defending many unnecessary and vexatious suits for the purpose of ascertaining the rights of the said Edward to the said homestead and its appurtenances, in case said decree shall remain in force.

The defendant filed a motion to dismiss the *certiorari*, because the facts stated in the petition did not disclose sufficient grounds to entitle the plaintiffs to the relief sought, and for other reasons set forth. In support of one of them, to wit, that the merits of this cause had been previously determined by the same District

Court in a suit between the same parties, on the appeal aforesaid taken from the County Court, the defendant read the judgment of the District Court heretofore described, whereupon the court sustained the motion to dismiss. The plaintiffs excepted, but it does not appear that any objection was made by the plaintiffs to the evidence offered, or to a consideration of it by the court on the motion.

*Allen & Hale*, for the appellants.—1st. The former judgment of the District Court in an appeal by Patrick O'Docherty and Gilbert McGloin, as executors against Mary McGloin, cannot be a bar to an original suit brought by Patrick O'Docherty, as guardian of Edward McGloin. The capacity in which O'Docherty acts in the latter case is entirely different from that in which he appears in the appeal. (Grant v. Chamberlain, 4 Mass, 611.)

And the subject matter of the controversy is different in the two cases in the appeal. The question was as to the allotment of the homestead to the widow *until* the settlement of the estate; in the original suit the question was as to the fee or remainder in the homestead after the estate had proved solvent. The judgment on the appeal does not then conclude the present controversy. (Horton v. Hamilton, 20 Tex., 606.) And on both points see Aspden et al. v. Nixon et al., 4 How., 467, 497.

2. The manner of bringing the former judgment to the notice of the District Court was irregular. A motion to dismiss a *certiorari* or petition based upon an equitable cause of action, can only properly apply to the averments of the petition. Extrinsic defences should be set up by a plea or answer.

3. The County Court had no jurisdiction of a contest as to the validity of a will, (Hart. Dig., art. 1112,) and the District Court could acquire none by an appeal from the County Court. The former judgment of the District Court was therefore void, and could have no effect as a bar.

*Pryor Lea*, for the appellee.

WHEELER, C. J.—The principal matter of complaint for which

O ' D o c h e r t y  v.  M c G l o i n.

the plaintiff seeks to have the judgment of the probate court re-
vised and annulled is, that it declares the will of the plaintiff's
devisor void, in so far as it conflicts with the "legal and equit-
able rights" of the widow of the testator, the present appellee.
But it is to be observed that the court by its judgment does not
in fact annul any part of the will. The action of the court in
this regard appears to have been confined to the mere declara-
tion of an opinion upon an abstract question. It does not pro-
nounce upon the validity of any part of the will in particular,
but simply declares its opinion that it is " in violation of the legal
and constitutional rights of the said widow," and is, in so far, void;
and that she recover of the estate " all her just, legal and equit-
able rights." But nothing is adjudged to the widow in particular,
and the court, having made this declaration of its opinion respect-
ing the rights of the widow, proceeded to admit the will to pro-
bate. This mere declaration of opinion can not have the effect to
invalidate any provision of the will, or to affect injuriously any
right of the appellant. It is a mere abstraction, having no legal
effect and presenting no subject matter for revision. The plain-
tiff apprehends that it will occasion litigation and embarrassment
in obtaining partition of the estate. But this apprehension does
not appear to be well founded. It can have no legal effect upon
the rights of the appellant. It might induce the apprehension
that the probate court entertained some opinions which, if they
remained unchanged, would embarrass the plaintiff in obtaining
his rights in that court upon a partition of the estate. But he
had not sought a partition, and the apprehension that the court
would decide erroneously in a suit thereafter to be instituted, was
no ground of action or appeal.

The order of a subsequent term setting aside the homestead for
the use of the widow and children, is not made a ground of com-
plaint in the petition, though the widow's assertion of a claim to
it is; but that, of itself, can not give a right of action.

The appellant seems to apprehend that the action of the pro-
bate court will affect injuriously his ultimate right of property, or
his estate in fee in the property now occupied as the homestead.
But it is not perceived that there has been any action of the

court which can have such effect, or be in any manner prejudicial to the right of the appellant in the final distribution of the estate. The complaint of the petitioner amounts to this—that the probate court has declared its opinion that the will of the testator contains some disposition which is inconsistent with the rights of the appellee, and that she sets up a claim to the homestead, and that this opinion of the court and the pretensions of the appellee are a cloud upon the plaintiff's title. But no complaint is made of any actual adjudication of the court touching the plaintiff's rights, or of any act done by the appellee. It is mere matter of opinion and pretension on their part of which the plaintiff complains; and these cannot constitute a ground of action or appeal.

The order setting apart the homestead for the use of the widow and children, is not complained of. It was certainly proper, irrespective of the disposition of the fee by the will. The statute requires the court to set aside the homestead for the use of the widow and children, at the first term of the court after the inventory and list of claims have been returned, (Hart. Dig., art. 1154,) which may be before the solvency of the estate has been judicially ascertained. Though it may be subject to final partition and distribution, it is not assets in the hands of the administrator, but the use of it as a homestead is reserved to the family during the period of administration.

It is objected that the manner of proceeding upon the motion to dismiss was irregular, and so it appears. But no exception or objection was taken to the mode of proceeding. It was but an irregularity in practice, not affecting the decision of the case. It was objected to the petition that it was insufficient, and on that ground we are of opinion it was rightly dismissed, and that the judgment be affirmed.

Judgment affirmed.